682 P.2d 628

**William Shelley GAITHER, Claimant-Appellant,**

v.

**EG & G IDAHO, INC., Employer,**

**and**

**Employers Mutual Liability Insurance Company, Surety, Defendants-Respondents.**

No. 15083.

Supreme Court of Idaho.

June 7, 1984.

Kenneth E. Lyon, Jr., Pocatello, for claimant-appellant.

Arthur L. Smith, Idaho Falls, for defendants-respondents.

DONALDSON, Chief Justice.

On July 27, 1978, claimant William Gaither allegedly suffered an injury at work by bumping the top of his head on the door frame of a bus. Subsequently, claimant filed an application for hearing with the Industrial Commission seeking workmen's

compensation benefits. Four different hearings were held between February and May of 1982. At the time of the last hearing on May 26, 1982, claimant was granted a 60-day continuance to obtain and present further medical evidence. Claimant failed to present further medical evidence at any time during the 60-day period, and therefore, the Commissioner entered his Findings of Fact, Conclusions of Law and proposed Order which were approved, adopted and filed by the Commission on September 16, 1982.

The Commission concluded that the accident arose out of and in the course of claimant's employment. However, the Commission went on to determine that claimant had failed to prove that his alleged injuries were caused by the accident. Therefore, claimant's application for hearing was dismissed, and claimant recovered nothing from defendants. Claimant did not request reconsideration, nor did he appeal this decision.

On February 23, 1983, .claimant filed a motion to set aside the September 16, 1982 Order. As grounds for his motion, claimant asserted that he had newly discovered evidence which was not available in time to move for a new trial, or in the alternative, that such evidence was not presented due to mistake, inadvertence or excusable neglect by claimant's prior counsel. After a hearing on the matter, the Commission issued its Memorandum Decision and Order denying the motion. This appeal followed.

■ Essentially, claimant's motion to set aside was based upon I.R.C.P. 60(b)(1) and (2). In considering the motion, the .Commission noted that it has not adopted I.R.C.P. 60(b) as a procedural rule. We need not address the question of whether relief under I.R.C.P. 60(b) is available in proceedings before the Industrial Commission, because even if such relief were available, claimant's motion must fail. Claimant failed to present any evidence of mistake,

inadvertence or excusable neglect on the part of his prior counsel, and therefore, would not be entitled to relief under I.R.C.P. 60(b)(1).

It is also clear that claimant would not be entitled to relief under I.R.C.P. 60(b)(2). Pursuant to that rule, the newly discovered evidence must be of such a nature that "by due diligence [it] could not have been discovered in time to move for a new trial under Rule 59(b)." In this case, the evidence sought to be used by claimant to set aside the Final Order had been discovered a full month before the final order was entered, and therefore, had been discovered in plenty of time to move for a new trial under Rule 59(b).

■ · In addition to concluding that claimant was not entitled to relief under I.R.C.P. 60(b), the Commission also reviewed claimant's motion to determine whether he was entitled to relief under I.C. § 72–719(3) which provides relief where there has been manifest injustice.[1] The Commission concluded that no manifest injustice would result from denying claimant's motion since "the medical evidence sought to be introduced as appearin[g] in the affidavits is only cumulative or impeaching in nature, and would not furnish any basis to change the final order if the evidence were admitted." In an effort to review the Commission's conclusion, we have searched the record to determine whether the new evidence was in fact only cumulative or impeaching in nature. However, the record and transcript provided to us by appellant does not contain any of the evidence upon which the September 16, 1982 Findings of Fact and Conclusions of Law were based. It is axiomatic that we will not presume error on appeal, but that error must be shown affirmatively by appellant on the record. *Loomis, Inc. v. Cudahy*, 104 Idaho 106, 656 P.2d 1359 (1982); *Payette Farms Co. v. Conter*, 103 Idaho 148, 645 P.2d 888 (1982); *Woods v. Crouse*, 101 Ida-

1. I.C. § 72–719(3) reads as follows:

"**72–719. Modification of awards and agreements—Grounds—Time within which made.—**
" . . . .

"(3) The commission, on its own motion at any time within five (5) years of the date of the accident causing the injury or date of first manifestation of an occupational disease, may review a case in order to correct a manifest injustice."

ho 764, 620 P.2d 798 (1980); *Rutter v. McLaughlin*, 101 Idaho 292, 612 P.2d 135 (1980). Accordingly, we refuse to presume error on the part of the Industrial Commission, and therefore, we affirm the Commission's conclusion that no manifest injustice will result from the denial of claimant's motion.

The decision of the Industrial Commission is affirmed.

Costs to respondents.

No attorney fees on appeal.

SHEPARD, BAKES, BISTLINE and HUNTLEY, JJ., concur.